IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SOPHIA HARDIGREE,            :
                             :
            Claimant,        :
                             :
v.                           :        CASE NO. 3:08-CV-19-CDL-GMF
                             :        Social Security Appeal
MICHAEL J. ASTRUE,           :
Commissioner of Social Security,  :
                             :
            Respondent.      :

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## Legal Standard

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1]  Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled.   20 C.F.R. § 404.1520, Appendix 1, Part 404.   First, the Commissioner determines whether the claimant is working.   If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.   Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.   Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").   Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.   Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.   In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.   *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).   The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.   *Id.*

## Issues

I.     **Whether the ALJ erred in find that Claimant could reutrn to past relevant work.**

II.    **Whether the ALJ was biased against Claimant.**

III.   **Whether the ALJ erred in finding that Claimant performed substantial gainful activity since October 2006 and is not entitled to disability insurance benefits.**

**IV.     Whether the ALJ erred in not reaching a partially favorable decision, that the Claimant was disabled at least as of 1/30/2005 when she turned 50 years old.**

### Administrative Proceedings

Claimant filed for disability benefits on January 22, 2003.  (T-87).  Claimant's application was denied initially and on reconsideration.  Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on January 17, 2007.  (T-63, 283-312).  Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated July 27, 2007.  (T-13-23).  Claimant then requested a review of the ALJ's findings by the Appeals Council.  Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-7).

### Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to neck pain. (T-95).  After examining the medical records, the ALJ determined that Claimant had residuals of neck surgery with fusion, cervical radiculopathy, bilateral carpal tunnel syndrome and mild scoliosis, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-16-18). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a full range of sedentary work. (T-18).  The ALJ then determined that Claimant could perform her past relevant work as an office manager.  (T-21).  For that reason, the ALJ found that Claimant was not disabled.  (T-22).

## Discussion

Claimant contends that the ALJ's bias became exceedingly apparent when he assessed Claimant's credibility as part of the pain standard.  (R-9, p. 21).  Claimant cites a number of instances where the ALJ misstated the record and made conclusory statements regarding Claimant's reliability.  *Id.*

Social Security disability insurance benefit claimants are entitled to a hearing that is both full and fair.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  Hearing officers are presumed to be unbiased.  *Schweiker v. McClure*, 456 U.S. 188, 195 S. Ct. 1665 (1981).  A party can rebut this presumption by showing a conflict of interest or other specific reason for disqualification, but the burden of establishing a disqualifying interest is upon the person making the contention.  *Id.*

"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  *Liteky v. U.S.*, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994).  However, such statements will support a bias challenge "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id.*  To support such, a claimant must show that the ALJ engaged in conduct that was so extreme, it deprived the hearing of fundamental fairness mandated by due process.  *Id.* at 555-56.  "To be disqualifying, the alleged bias must stem from an extrajudicial source and result in an opinion on the merits of some basis other than what the judge learned from his participation in the case."  *First Nat'l Monetary Corp. v. Weinberger*, 819 F.2d 1334, 1337 (6th Cir. 1987) (quoting *U.S. v.*

5

*Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

It is found that the ALJ improperly relied on extra-judicial information that tended towards a bias that deprived Claimant of a fair hearing.  The ALJ draws certain conclusions and makes certain inferences against Claimant without citing record support: he notes that Dr. Cole counseled Claimant about the need to get off narcotic drugs, but concludes that Claimant was not interested (T-16-17); he states, "The record contains clear evidence that the claimant has consciously attempted to portray limitations tha[t] are not actually present in order to increase the chance of obtaining benefits," and calls Claimant's level of pain "implausible" (T-19); he attributes Dr. Ellis's opinions regarding Claimant's conditions to the physician's sympathy or Claimant's own insistence (T-20); and he finds that Claimant appears to be seeking disability rather than medical improvement by declining additional injections for pain management (T-20).  Moreover, the ALJ's Findings do not reflect the relevance of certain facts regarding Claimant's finances to a disability determination. Specifically, regarding Claimant's financial situation, the ALJ notes that at the time of Claimant's second accident, she was carrying cash totaling $2,700 (T-16) and also states that she received a financial settlement of $75,000, from the two car accidents she claims gave rise to her disability (T-18).

As to Claimant's credibility, the Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively

determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). It is the law of this Circuit that if the ALJ discredits a Claimant's testimony, "he must articulate explicit and adequate reasons for doing so." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987).       Notably, parts of the record do indicate that Claimant's credibility is at least questionable. For example, Claimant's medical records note that she went to the hospital because she ran out of pain medication but left before her pain could be reevaluated when she was not given narcotic medication. (T-169, 171). Claimant also has twelve prior arrests for possession/manufacturing/distribution, dangerous drugs offenses, driving under the influence, and probation violations. (T-132). However, the ALJ does not appear to cite these reasons in his Findings in support of any of his conclusions. Accordingly, it is further found that the ALJ did not clearly articulate his reasons for discrediting Claimant's credibility.

For these reasons, it is recommended that this case be remanded. Upon preliminary review of the Claimant's remaining claims, it is further recommended that while on remand, the ALJ take into consideration Claimant's other claims and make determinations therefrom, pursuant to the Regulations. Specifically, it is recommended that the ALJ clarify whether Claimant has, at any point since her alleged onset date, engaged in any substantial gainful activity. (*See* R-9, p. 10.)

**CONCLUSION**

In reviewing the record, it appears that the ALJ's decision is legally inadequate. Therefore, having found that the ALJ's findings and discussion insufficient to permit this Court to determine whether the ALJ properly considered the Claimant's condition as a whole and whether the ALJ applied the correct legal standards, this Court should remand the claim to the Commissioner for full reconsideration and articulation as to the finding of disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be REMANDED to the Commissioner for further administrative action as set out above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

THIS the 9th day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml